BXD

November 20, 2026

VIA ECF

Hon. Vernon S. Broderick
U.S. District Judge for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Sq.
New York, NY 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 11/23/2026

**RE:** *Donis v. U.S. Dep't of Justice*, No. 1:26-cv-10137-VSB
Petitioner's Letter-Motion to Seal Exhibits to Motion for Release

Dear Judge Broderick:

Undersigned counsel represents Petitioner, Asuncion Donis ("Mr. Donis"), in the above-referenced habeas corpus matter. On November 18, 2026, Mr. Donis filed a Petition for a Writ of Habeas Corpus challenging his re-detention by U.S. Immigration and Customs Enforcement after years of supervision without incident. *See* Pet., ECF No. 1. Today, November 20, 2026, he filed a letter-motion seeking interim immediate release on bail pursuant to *Mapp v. Reno*, 241 F.3d 221, 230 (2d Cir. 2001). *See* Mot., ECF No. 9. Mr. Donis now files this letter-motion seeking sealing of the four proposed exhibits to his *Mapp* motion, which contain sensitive medical information about Mr. Donis's wife, Lisa Beharry Donis, who suffers from lupus, and their minor child, C.D., who has a developmental delay. Mr. Donis furnished a courtesy copy of the proposed exhibits for which he seeks sealing on the U.S. Attorney's Office for the Southern District of New York. Respondents have not yet advised whether they take a position on the motion.

With his *Mapp* motion, Mr. Donis contemplated including four exhibits that contain sensitive medical information about his wife and son. Therefore, in accordance with Fed. R. Civ. Proc. 5.2(d) and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), undersigned counsel respectfully requests that the Court grant leave to file Exhibit A (letter from Lisa, Mr. Donis's wife, describing her medical conditions), Exhibit B (excerpts of Lisa's medical records), Exhibit C (excerpts of C.D.'s medical records), and Exhibit D (records related to C.D.'s special education services) under seal.

In assessing whether to grant a motion to file under seal, the Court must determine the weight of the presumption of access to information and subsequently balance competing considerations against it. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). The request should be narrowly tailored to serve the purpose justifying the sealing. *See Lugosch*, 435 F.3d at 119–20.

There is good cause to grant leave to file the requested exhibit under seal, as the sensitive, personal, and medical nature of the information sought to be shielded from public view outweighs the presumption of access to information, and this request is narrowly tailored to meet that purpose. Specifically, Mr. Donis seeks to seal four exhibits containing sensitive medical information about his wife and their minor son. Exhibit A, a letter from Lisa, describes her lupus diagnosis, the cost of her medications, and their children's medical conditions. Exhibits B and C contain excerpts of medical records for Lisa and C.D. And Exhibit D contains records related to C.D.'s special education services. Courts routinely grant sealing of medical records, which are sensitive, as well as of family members' information. *See United States v. Martoma,* No. S1-12-CR-973 (PGG), 2014 WL 164181, at *6 (S.D.N.Y. Jan. 9, 2014) (acknowledging that courts "grant the greatest protection" to medical, health-related, family, and personal financial information); *Toolasprashad v. Toolasprashad*, No. 21-CV-4672 (RPK) (JRC), 2021 WL 4949121, at *3 (E.D.N.Y. Oct. 25, 2021).

Accordingly, Mr. Donis has shown good cause for filing Exhibits A, B, C, and D under seal. We thank the Court for its consideration of the request.

Respectfully submitted,

/s/ Jessica Coffrin-St. Julien
Jessica Coffrin-St. Julien
THE BRONX DEFENDERS
360 East 161st Street
Bronx, New York 10451
Tel. (646) 780-9930
jcoffrin@bronxdefenders.org
*Counsel for Mr. Donis*

CC: U.S. Attorney's Office for the Southern District of New York
(via email to brandon.waterman@usdoj.gov)